CHRISTENSEN & AUER
Stephen G. Auer, Esq. – SBN 74101
Vicki C. Gadbois, Esq. – SBN 144377
225 S. Lake Avenue, Suite 860
Pasadena, CA 91101
Tel: (626) 568-2900; Fax: (626) 568-1566

COLEMAN & HOROWITT, LLP
Darryl Horowitt, Esq. – SBN 100898
499 West Shaw Avenue, Suite 116
Fresno, California 93704
Tel: (800) 891-8362; Fax: (559) 248-4830

Attorneys for Plaintiffs

LAW OFFICES OF WILLIAM C. HAHESY
William C. Hahesy, Esq. – SBN 105743
225 West Shaw Avenue, Suite 105
Fresno, CA 93704
Tel: (559) 579-1230; Fax: (559) 579-1231

Attorneys for Defendant
CHILDREN'S HOSPITAL CENTRAL
CALIFORNIA

DAVIS WRIGHT TREMAINE LLP
Douglas C. Ross, Esq. – SBN 12811
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel: (206) 622-3150; Fax: (206) 757-7700

Attorneys for Defendant
CHILDREN'S HOSPITAL CENTRAL
CALIFORNIA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERINATAL MEDICAL GROUP, INC., KRISHNAKUMAR RAJANI, M.D., and STEPHEN ELLIOT, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> CHILDREN'S HOSPITAL CENTRAL | Civil Action No. 1:09-cv-1273-LJO-SMS <br><br> **STIPULATED PROTECTIVE ORDER AND ORDER** <br><br> **[Local Rule 83-143]** |

CHRISTENSEN &
AUER
LAW OFFICES
PASADENA, CA

1

**STIPULATED PROTECTIVE ORDER 1:09-CV-01273-LJO-SMS**

PDF created with pdfFactory trial version www.pdffactory.com

1   CALIFORNIA, INC., a California corporation;
2   SPECIALTY MEDICAL GROUP CENTRAL
    CALIFORNIA, INC., a California professional
3   medical corporation;  and CENTRAL
    CALIFORNIA NEONATOLOGY GROUP,
4   INC., a California professional medical
    corporation,
5
                        Defendant.
6

7
8          This Stipulated Protective Order is entered into by and between Plaintiffs PERINATAL

9   MEDICAL GROUP, INC. ("PMG"), KRISHNAKUMAR RAJANI, M.D. ("Dr. Rajani") and

10  STEPHEN ELLIOT, M.D. ("Dr. Elliott") and Defendant CHILDREN'S HOSPITAL

11  CENTRAL CALIFORNIA (the "Hospital").  Plaintiffs and Defendant are hereinafter

12  collectively referred to as "the Parties."  Reference is made to the following facts:

13         A.     The Parties possess financial and accounting documents, trade secrets, propriety

14  information and other confidential information that they desire to keep confidential, which may

15  be obtained through discovery in this case.

16         B.     The Parties desire to stipulate to a protective order sanctioned by the Court to

17  protect such financial and accounting documents, trade secrets, propriety information, and other

18  confidential information from unnecessary disclosure.

19         ACCORDINGLY, the Parties, by and through their respective attorneys of record,

20  STIPULATE AND AGREE to the following protective order:

21         1.     Scope of the Order.  This Stipulated Protective Order covers all documents and

22  information designated "Confidential" or "Confidential – Attorneys/Experts Only" produced in

23  connection with any discovery undertaken in this case.   Information marked "Confidential" or

24  "Confidential - Attorneys/Experts Only" shall be collectively referred to herein as "Confidential

25  Discovery."  This Stipulated Protective Order is intended to cover all discovery propounded and

26  answered by any Party at any time and depositions wherein "Confidential" or "Confidential –

27  Attorneys/Experts Only" information is used or discussed, including any copies, excerpts,

CHRISTENSEN &
AUER
LAW OFFICES
PASADENA, CA

                                    2
              **STIPULATED PROTECTIVE ORDER  1:09-CV-01273-LJO-SMS**

PDF created with pdfFactory trial version www.pdffactory.com

1   summaries, or compilations thereof.  Even after termination of this litigation, the confidentiality

2   obligations imposed by this Stipulated Protective Order shall remain in effect until a

3   designating Party agrees otherwise in writing or a court order otherwise directs.  This Stipulated

4   Protective Order is entered into as to this case only and does not in any way relate to or apply in

5   the state court case of Perinatal Medical Group, Inc., Plaintiff, v. Vinod K., Bansal, M.D., Inc.,

6   *et al,* Defendants. Case No. 09 CE CG 01478 DSB in Fresno County Superior Court.

7       2.      <u>Designation of Confidential Discovery</u>.  The Parties may designate Confidential

8   Discovery as subject to this Order by stamping on or otherwise permanently affixing to such

9   material prior to its production the designation "Confidential".  In the event that a Party in good

10  faith believes that particular material requested to be produced or disclosed is of such a highly

11  sensitive nature that its disclosure should be limited to only those persons described in

12  Paragraph 7 herein below, it shall stamp on or otherwise permanently affix to such material

13  prior to its production the designation "Confidential - Attorneys/Experts Only".  Said respective

14  designations shall be stamped or affixed so as to not obscure or deface the material or any

15  portion of its contents.

16      3.      <u>Designation Procedure</u>.  Confidential Discovery shall be designated or deemed

17  confidential as follows:

18          a.      In the case of deposition testimony:

19              i.      The Parties may designate testimony by any individual at the time

20  of the deposition or by written notice to all counsel of record within 14 business days after

21  receipt of the written transcript.  The entire transcript (including, without limitation, typed

22  transcriptions, computer diskettes, audiotapes and videotapes) and all exhibits thereto shall be

23  deemed confidential under the terms of this Protective Order during the 14 day period.  The

24  portions of a transcript designated as "Confidential" or "Confidential – Attorneys/Experts

25  Only" at the time of the deposition or during this 14 day period, shall be treated as Confidential

26  Discovery thereafter and in accordance with the terms of this Stipulated Protective Order.

27

CHRISTENSEN &
AUER
LAW OFFICES
PASADENA, CA

3
**STIPULATED PROTECTIVE ORDER  1:09-CV-01273-LJO-SMS**

PDF created with pdfFactory trial version www.pdffactory.com

ii.      Each deposition transcript of any deposition of any individual taken in this action shall bear the following prominent and conspicuous legend on the cover of each volume of said deposition transcript, the placement of which shall be the responsibility of the court reporter after being so advised of the necessity for this legend by the party making the confidentiality claim:

> "THE CONTENTS OF THIS TRANSCRIPT ARE
> CONFIDENTIAL [CONFIDENTIAL -
> ATTORNEYS/EXPERTS ONLY] AND ARE SUBJECT
> TO A PROTECTIVE ORDER ISSUED BY THE UNITED
> STATES DISTRICT COURT, EASTERN DISTRICT OF
> CALIFORNIA.  UNAUTHORIZED ACCESS TO, USE
> OF, OR DISCLOSURE OF ANY PART OF THIS
> TRANSCRIPT IS A VIOLATION OF COURT ORDER.  A
> COPY OF SAID ORDER IS CONTAINED HEREIN."

iii.      Each such deposition transcript shall also contain a copy of this Order immediately following the cover page.

iv.      Any depositions of any individual taken and recorded in this action other than by stenographic means, including without limitation depositions recorded by audiotape or videotape, shall state at the commencement thereof that the contents of the deposition are confidential and are subject to a protective order issued by the United States District Court, Eastern District of California.  No copies will be made of any such audio or video recording unless necessary for preparation for trial or other proceeding in the case and, in that event, any person or entity making such a copy will be subject to and comply with this Order.  Each such audio or video recording shall have affixed to its exterior the following legend, the placement thereon which shall be the responsibility of the court reporter after being so advised of the necessity for this legend by the Party making the confidentiality claim:

> "THE CONTENTS OF THIS TAPE ARE

PDF created with pdfFactory trial version www.pdffactory.com

CONFIDENTIAL [CONFIDENTIAL -
ATTORNEYS/EXPERTS ONLY] AND ARE SUBJECT
TO A PROTECTIVE ORDER ISSUED BY THE UNITED
STATES DISTRICT COURT, EASTERN DISTRICT OF
CALIFORNIA.  UNAUTHORIZED ACCESS TO, USE
OF, OR DISCLOSURE OF ANY PART OF THIS TAPE IS
A VIOLATION OF COURT ORDER."

b.      In the case of the production of documents the Parties may designate such discovery confidential by stamping on such discovery: "Confidential " or "Confidential - Attorneys/Experts Only" or words to that effect at the top of each page that contains Confidential Discovery information.  If only a portion or portions of the material on a page qualifies for protection, the designating Party also must clearly identify the protected portion(s) and must specify for each portion, the level of protection being asserted (either "Confidential" or "Confidential – Attorneys/Experts Only).  .

c.      When responding to written discovery in this action (including, without limitation, responses to interrogatories, requests for admission, requests for production of documents or things, subpoena duces tecum, among others), the Parties may designate such responses as confidential by stamping on such responses: "Confidential " or "Confidential - Attorneys/Experts Only" or words to that effect on the first page of any such discovery response and at the top of each page that contains the Confidential Discovery information.

d.      In the case of discovery produced by any third party, pursuant to subpoena or otherwise, all such discovery shall be deemed confidential under this Order for a period of thirty (30) days after service, during which period, counsel for either of the Parties may designate such discovery as confidential, in whole or in part, by written notice served upon all counsel of record.  Thereafter, all Parties who have received such discovery shall stamp "Confidential" or "Confidential - Attorneys/Experts Only" or words to that effect on the first page of each such document or other thing and each shall be deemed confidential pursuant to this Order.

PDF created with pdfFactory trial version www.pdffactory.com

4.      Inadvertent Failure to Designate.  If corrected within sixty (60) days of production,

an inadvertent failure to designate qualified information or document as "Confidential" or

"Confidential – Attorneys/Experts Only" does not, standing alone, waive the designating

Party's right to secure protection for such material under this Stipulated Protective Order.  If

material is appropriately designated as "Confidential" or "Confidential – Attorneys/Experts

Only" after the material was initially produced, the receiving Party, on timely notification of the

designation, must make reasonable efforts to assure that the material is treated in accordance

with the provisions of this Stipulated Protective Order.

5.      Objection to "Confidential" or "Confidential – Attorneys/Experts Only"

Designation.  If any Party disagrees with the "Confidential" or "Confidential –

Attorneys/Experts Only" designation of any document, the Party so disagreeing shall, no later

than 30 days after the date upon which the "Confidential" or "Confidential – Attorneys/Experts

Only" document was produced and/or designated as such, notify by written notice, served on all

Parties in the case, that the Party disagrees with the designation of the document as

"Confidential" or "Confidential – Attorneys/Experts Only," and shall in the notice both identify

the document at issue and state the reasons why the challenging Party disagrees with the

particular designation of the document.  The Parties must then meet and confer and attempt to

resolve the dispute informally.  If the Parties are unable to resolve any document designation

dispute informally, the dispute may be presented by motion to the Court by the Party

challenging the designation of the document.  Before the Court, the Party who has designated

the document shall have the burden of proving that such document contains Confidential

Discovery of a nature justifying the particular designation.  Until the Court rules on the

challenge, all Parties shall continue to afford the material in question the level of protection to

which it is entitled under the Party's designation.  The prevailing Party on a motion to the Court

that challenges the designation of a document shall be entitled to recover from the opposing

Party its costs and reasonable attorneys' fees associated with bringing or opposing the motion

PDF created with pdfFactory trial version www.pdffactory.com

1    before the Court, unless and if any of the circumstances set forth in Rule 37(a)(5) of the Federal

2    Rules of Civil Procedure are found to exist.

3        6.    Recipients of Discovery Marked "Confidential".  Discovery deemed or marked

4    "Confidential" may be disclosed by the receiving Party only to the following persons, and may

5    be used only for the purpose of prosecuting or defending claims asserted in this action:

6        (a)    The attorneys of record for the receiving Party and (i) their employees and

7    (ii) outside legal support service personnel to whom the attorneys of record reasonably believe

8    it necessary to show the documents for purposes of this litigation,(who execute the "Promise of

9    Confidentiality" attached hereto as Exhibit "A";

10       (b)    In-house attorneys for any Party;

11       (c)    Experts and consultants and their employees who, prior to receiving

12   documents or information designated as Confidential, sign the Promise of Confidentiality

13   (attached as Exhibit "A") that such person has read and agrees to abide by this Order;

14       (d)    The Court and court personnel pursuant to the procedures set forth herein;

15       (e)    Persons to whom the documents are otherwise lawfully available outside of

16   this litigation, such as third-party authors or recipients;

17       (f)    The receiving Party or representatives of a receiving Party, including

18   officers, directors and employees of the receiving Party to whom attorneys for the receiving

19   Party believe it is necessary that the documents be shown for purposes of this litigation.  Prior

20   to receiving documents or information designated as Confidential, each representative shall sign

21   the Promise of Confidentiality (attached as Exhibit "A" hereto) that such representative has read

22   and agrees to abide by this Order;

23       (g)    Witnesses during the course of depositions; and

24       (h)    Such other persons as are designated by written agreement by the Party

25       who has designated the discovery as confidential or by Court order.

26       7.    Recipients of Discovery Marked "Confidential – Attorneys/Experts Only".

27   Discovery deemed or marked "Confidential - Attorneys/Experts Only" may be disclosed by the

PDF created with pdfFactory trial version www.pdffactory.com

receiving Party only to the following persons, and may be used only for the purpose of prosecuting or defending claims asserted in this action:

(a)     The attorneys of record for the receiving Party and (i) their employees and (ii) legal support service personnel to whom the attorneys of record reasonably believe it necessary to show the documents for purposes of this litigation, who execute the Promise of Confidentiality attached hereto as Exhibit "A");

(b)     Experts and their employees who, prior to receiving documents or information designated as "Confidential - Attorneys/Experts Only", sign the Promise of Confidentiality (attached hereto as Exhibit "A") that such person has read and agrees to abide by this order;

(c)     The Court and court personnel pursuant to the procedures set forth herein;

(d)     Witnesses during the course of depositions;  and

(e)     Such other persons as are designated by written agreement by the Party who has designated the Discovery as "Confidential - Attorneys/Experts Only" or by Court order.

8.     <u>Procedure for Requesting Disclosure of "Confidential – Attorneys/Experts Only" Discovery to Named Parties</u>.  Discovery marked "Confidential – Attorneys/Experts Only" may not be disclosed to the named Parties in this case unless the attorney of record for the Party to whom the "Confidential – Attorneys/Experts Only" information is to be revealed first advises opposing counsel in writing of the intent to disclose such information to the client, specifically identifies information to be disclosed and opposing counsel consents in writing to such disclosure.  Any counsel receiving a written request from opposing counsel to disclose "Confidential – Attorneys/Experts Only" information to a Party shall respond in writing to the request, indicating whether the request is granted or denied.  The Parties and their counsel agree to provide timely responses to a written request from opposing counsel to disclose "Confidential – Attorneys/Experts Only" information to a Party.  For purposes of this Stipulation, the Parties and their counsel agree that a response to opposing counsel's written

PDF created with pdfFactory trial version www.pdffactory.com

1   request to disclose "Confidential – Attorneys/Experts Only" information to a Party shall be

2   provided by no later than seven (7) calendar days from the date of receipt of the written request

3   to disclose "Confidential – Attorneys/Experts Only" information to a Party.  The Parties and

4   their counsel further agree that they shall meet and confer in an effort to resolve any issue

5   concerning disclosure of "Confidential – Attorneys/Experts Only" information to a Party.  If the

6   Parties are unable to informally resolve any dispute involving disclosure of "Confidential –

7   Attorneys/Experts Only" information to a Party, the dispute may be presented by motion to the

8   Court by the Party seeking to disclose such information to a Party.  Before the Court, the Party

9   requesting disclosure of "Confidential – Attorneys/Experts Only" information to a Party shall

10  have the burden of proving that good cause and substantial justification exists for the disclosure

11  of such information to a Party in the case.  Until the Court rules on the challenge, all Parties

12  shall continue to afford the material in question the level of protection to which it is entitled

13  under the Party's designation.  The prevailing Party on a motion to the Court that seeks

14  disclosure of "Confidential – Attorneys/Experts Only" Discovery to a Party shall be entitled to

15  recover from the opposing Party its costs and reasonable attorneys' fees associated with

16  bringing or opposing the motion before the Court unless and if any of the circumstances set

17  forth in Rule 37(a)(5) of the Federal Rules of Civil Procedure are found to exist by the Court.

18       9.       Except as provided herein, Confidential Discovery shall not be disclosed to any

19  non-party.

20       10.       Confidential Discovery Subpoenaed or Ordered Produced in Other Litigation.  If a

21  receiving Party is served with a subpoena or a court order issued in other litigation that would

22  compel disclosure of any information or items designated in this action as "Confidential" or

23  "Confidential – Attorneys/Experts Only," the receiving Party must so notify the designating

24  Party, in writing (by fax or e-mail, if possible) immediately and in no event more than five (5)

25  court days after receiving the subpoena or court order.  Such notification must include a copy of

26  the subpoena or court order.

27

9
**STIPULATED PROTECTIVE ORDER  1:09-CV-01273-LJO-SMS**

PDF created with pdfFactory trial version www.pdffactory.com

The receiving Party also must immediately inform in writing the person or entity that caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order.  In addition, the receiving Party must deliver a copy of this Stipulated Protective Order promptly to the issuing person or entity in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The designating Party shall bear the burden and the expenses of seeking protection in that court of its confidential material.  The receiving Party shall reasonably cooperate with the designating Party in the latter's efforts to seek protection of its confidential materials, including providing written evidentiary declarations if requested; provided, however, that nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

11.     Unauthorized Disclosure of Confidential Discovery.  If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Discovery; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and (d) request such person to execute the "Promise of Confidentiality" (attached hereto as Exhibit "A").

12.     Conditions to be Met Prior to Disclosure.  Before any information marked "Confidential – Attorneys/Experts Only" is disclosed to any persons described in Paragraph 6 above, other than the Court and the attorneys of record for the Parties, the attorney(s) for the Party attempting disclosure shall fully explain the terms of this Order and shall advise the attorneys' support staff and any expert or consultant that the Confidential Discovery is subject

**STIPULATED PROTECTIVE ORDER  1:09-CV-01273-LJO-SMS**

CHRISTENSEN &
AUER
LAW OFFICES
PASADENA, CA

PDF created with pdfFactory trial version www.pdffactory.com

to this Order and the limitations imposed by this Order on the persons to whom such Confidential Discovery can be disclosed.  Further, the attorney(s) for the Party attempting disclosure shall have such persons read the Order and shall ascertain to the best of the attorneys' abilities that such persons fully understand the terms of the Order.   However, before any of these obligations shall exist, the Party producing discovery marked "Confidential – Attorneys/Experts Only" shall first advise counsel for the other Party that discovery is being so provided and shall send discovery by a means that states prominently on the envelope that the package contains "INFORMATION TO BE OPENED BY ATTORNEY ONLY."

13.     <u>Preservation of Objections to Discovery; Waiver of Certain Grounds for Objection.</u>  This order shall not constitute a waiver of the Parties' rights to object to discovery on any grounds, including but not limited to the grounds that the information sought is privileged, contains trade secrets, confidential financial information, privileged information, proprietary information, confidential business information, or confidential personal information. No Party to this Agreement, however, shall refuse to produce documents or disclose information solely on the grounds the requested information or documents contain confidential or proprietary information.

14.     <u>Filing with the Court.</u>  The parties intend to confer with the Court during their Joint Scheduling Conference to discuss the mechanics and requirements for the filing of Confidential Discovery with the Court.  The objective of that conference is to establish a protocol to be used to assist in the filing of Confidential Discovery under seal. Until such time as that conference occurs and a further order is issued by the Court, the parties agree that all Confidential Discovery filed with the Court, or any pleading or memorandum that includes or purports to reproduce or paraphrase any Confidential Discovery, shall be filed only in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of its contents, the word "Confidential," and a statement substantially in the following form:

CHRISTENSEN &
AUER
LAW OFFICES
PASADENA, CA

11
**STIPULATED PROTECTIVE ORDER  1:09-CV-01273-LJO-SMS**

PDF created with pdfFactory trial version www.pdffactory.com

"Confidential.  The enclosed documents are being filed in compliance

with Local Rule 39-141 of the United States District Court, Eastern

District of California, and  pursuant to Stipulated Protective Order.  Not to

be opened or the contents thereof displayed or revealed, except by Order

of the Court or pursuant to written stipulation of the Parties to this action."

This envelope shall not be opened without Order of the Court, except by

officers of the Court and counsel of record, who, after reviewing the

contents, shall return them to the Clerk in a sealed envelope or container."

15.   Use of Confidential Discovery.  Confidential Discovery disclosed pursuant to this Stipulated Protective Order shall not be used other than for the purposes of this action. Documents disclosed pursuant to this Stipulated Protective Order may be used in connection with any trial or other proceeding in this case, including motions.  The use of any document designated "Confidential" or "Confidential – Attorneys/Experts Only" under the terms of this Stipulated Protective Order, at trial will be subject to the terms and conditions of this Stipulated Protective Order and Local Rule 39-141.

16.   Return of Confidential Discovery.  Within sixty (60) days after expiration of any and all appeals or time periods to appeal in this action, all Confidential Discovery, including all copies, notes, renderings, compilations, recordings, lists, microfilms, photographs, videos, or other references thereof or thereto, shall be returned to the counsel of record for the Party who produced it or, at the option of the person then in possession of the Confidential Discovery, destroyed.  If counsel chooses to destroy the documents rather than return them, counsel shall notify counsel for the Party who produced such documents in writing of their destruction, including specifically, the date, time,  place and manner of destruction.   Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Discovery.  Any such archival copies that contain or constitute

CHRISTENSEN &
AUER
LAW OFFICES
PASADENA, CA

12
**STIPULATED PROTECTIVE ORDER  1:09-CV-01273-LJO-SMS**

PDF created with pdfFactory trial version www.pdffactory.com

Confidential Discovery remain subject to the Stipulated Protective Order as set forth in Paragraph 1, above.

17.     Order Binding Upon Successors and Assigns.  All the terms of this Stipulated Protective Order as to the designation of "Confidential" and "Confidential – Attorneys/Experts Only" documents for the purposes of this case shall be binding upon and inure to the benefit of the Parties hereto and to their successors and assigns.

18.     Faxed Signatures.  The Parties may submit executed copies of their signatures via facsimile which shall be enforceable as original wet ink signatures.

19.     Execution in Counter-parts. This Stipulated Protective Order may be executed in counterparts, and when so executed, each counterpart shall be deemed to be an original and shall constitute one and the same instrument which may be sufficiently evidenced by one counterpart.

**IT IS SO STIPULATED:**

Dated:  December  30  , 2009                    CHRISTENSEN & AUER

                                        By:     /s/ Stephen G. Auer
                                                Stephen G. Auer
                                                Attorneys for Plaintiffs
                                                PERINATAL MEDICAL GROUP, INC.,
                                                KRISHNAKAMUR RAJANI, M.D., AND
                                                STEPHEN ELLIOTT, M.D.

Dated:  December  31  , 2009                    COLEMAN & HOROWITT, LLP

                                        By:     /s/ Darryl J. Horowitt
                                                Darryl J. Horowitt
                                                Attorneys for Plaintiffs
                                                PERINATAL MEDICAL GROUP, INC.,
                                                KRISHNAKAMUR RAJANI, M.D., AND
                                                STEPHEN ELLIOTT, M.D.

CHRISTENSEN &
AUER
LAW OFFICES
PASADENA, CA

13
**STIPULATED PROTECTIVE ORDER  1:09-CV-01273-LJO-SMS**

PDF created with pdfFactory trial version www.pdffactory.com

1

Dated:  December  _30_, 2009                    LAW OFFICES OF WILLIAM C. HAHESY

2

3                                          By:    _/s/ William C. Hahesy_____
                                                 William C. Hahesy
4                                                Attorneys for Defendant
                                                 CHILDREN'S HOSPITAL CENTRAL
5                                                CALIFORNIA

6

7  Dated:  December  _29_, 2009                    DAVIS WRIGHT TREMAINE LLP

8

9                                          By:    _/s/ Douglas C. Ross_____
                                                 Douglas C. Ross
10                                               Attorneys for Defendant
                                                 CHILDREN'S HOSPITAL CENTRAL
11                                               CALIFORNIA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PDF created with pdfFactory trial version www.pdffactory.com

# EXHIBIT "A"

## <u>PROMISE OF CONFIDENTIALITY</u>

I, _____, declare as follows:

1.     My [business or residential] address is _____, _____and my present occupation is _____.

2.     I have received a copy of the **STIPULATED PROTECTIVE ORDER** regarding Confidential Discovery in the action entitled *Perinatal Medical Group, Inc., et al v. Children's Hospital Central California, Inc., et al.* filed in the United States District Court for the Eastern District of California, Fresno Division as Case No. Case No.  1:09-CV-01273-LJO-SMS

3.     I will comply with all of the provisions of the **STIPULATED PROTECTIVE ORDER**.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the **STIPULATED PROTECTIVE ORDER**, and will not copy or use except for purposes of the litigation, any documents or information designated **"Confidential" or "Confidential – Attorneys/Experts Only."**

4.     I will return any materials received under this **STIPULATED PROTECTIVE ORDER** at the conclusion of the instant case, to the Party or its counsel who originally provided said materials to me.

5.     I hereby stipulate to the jurisdiction of the United States District Court for the Eastern District of California, Fresno Division, with regard to any proceeding to enforce the terms of the **STIPULATED PROTECTIVE ORDER** against me.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct and that this **PROMISE OF CONFIDENTIALITY** was executed on the _____ day of _____ in _____.

_____

PDF created with pdfFactory trial version www.pdffactory.com

1

2                                    **ORDER**

3   GOOD CAUSE HAVING BEEN SHOWN AND THE PARTIES HAVING STIPULATED TO

4   THE SAME, the Court finds that the above-stated **STIPULATED PROTECTIVE ORDER** is

5   sanctioned by the Court, and shall be and now is the Order of the Court.

6   **THE COURT HEREBY ORDERS AS FOLLOWS**:

7          1.      All Parties in this action shall abide by the terms of this **STIPULATED**

8   **PROTECTIVE ORDER** as to the disclosure of any all documents and information designated

9   "Confidential" of "Confidential – Attorneys/Experts Only" that are produced in connection with

10  this case.

11         2.      The Clerk of the Court is herby directed to file under seal pursuant to Local Rule

12
13  39-141 all documents marked "Confidential" or "Confidential – Attorneys/Experts Only"

14  any/or any and all pleadings in which information from said documents (or parts thereof) is

15  contained or disclosed without further order of this Court.  This Order shall suffice for all

16  purposes with regard to the Clerk of this Court accepting the filing of said documents or

17  pleadings under seal.  The Party seeking to file said documents or pleadings shall present a copy

18  of this Order to the Clerk at the time of presentment of said documents or pleadings for filing

19  under seal.  No further order of this Court is necessary.

20
    **IT IS SO ORDERED.**
21
    **Dated:**    **January 8, 2010**                    **/s/ Sandra M. Snyder**
22                                                  **UNITED STATES MAGISTRATE JUDGE**

23

24

25

26

27

CHRISTENSEN &
AUER
LAW OFFICES
PASADENA, CA

16
**STIPULATED PROTECTIVE ORDER  1:09-CV-01273-LJO-SMS**