# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERINATAL MEDICAL GROUP INC., et al., | CASE NO. 1:09-cv-1273-LJO-MJS |
| Plaintiff, | Memorandum Decision and Order Granting Defendant Children's Hospital of Central California's Motion to Compel Community Regional Medical Center's Compliance with Subpoena Duces Tecum |
| v. | |
| CHILDREN'S HOSPITAL CENTRAL CALIFORNIA INC., et al., | |
| Defendants. | (ECF No. 75) |
| _____ / | |

## I. **INTRODUCTION**

On April 26, 2011, Defendant Children's Hospital of Central California filed a motion seeking to compel compliance with a subpoena served on non-party Community Regional Medical Center. (ECF Nos. 75-78.) Community filed its Opposition to the Motion to Compel on May 5, 2011. (ECF Nos. 79-81.) On May 6, 2011, Children's and Community filed a Joint Statement of Discovery Dispute. (ECF No. 83.) Children's filed a reply to the opposition on May 9, 2011. (ECF No. 84.)

The Court considered Defendants' motion on the record without a hearing pursuant to Local Rule 230(g). The Court carefully reviewed and considered all papers filed by the

parties, including all arguments, points, authorities, declarations, and objections.[1]

## II. **BACKGROUND**

Plaintiffs formerly provided neonatal intensive care services for Children's, Community, and other hospitals in the Central Valley of California. However, in February 2009, Children's did not renew Plaintiffs' contract for the provision of such services. Instead, Children's contracted for such services with another neonatal group. Plaintiffs continued providing neonatal intensive care services at Community.

Plaintiffs subsequently brought suit against Children's and related entities alleging, among other things, that Defendants had caused Plaintiffs financial loss and harmed competition in the market for neonatal intensive care services by excluding Plaintiffs from practicing neonatology at Children's. Defendants dispute these claims and assert, in essence, that Plaintiffs have not lost business but instead successfully diverted business from Children's to Community and thereby improved not only Community's competitive position but competition within the market for neonatology services generally.

The present dispute revolves around Children's attempts to discover information related to the volume of patients and overall revenue generated by Community's neonatal intensive care unit during periods at issue in the case. On November 3, 2010, Children's served on Community a subpoena requesting some twenty-nine categories of information relating to Plaintiffs' relationship with Community. After Community and Plaintiffs objected to the subpoena, the parties engaged in negotiations that resolved much of the dispute over which documents should be produced. The only remaining disagreement is with

---

[1] Lack of reference to a particular piece of evidence, argument, or other filing should not be read to suggest the Court did not consider same. The Court reviewed, considered, and applied the evidence it found to be admissible, material, and appropriate to the motion. The Court will not rule on objections raised in the context of this motion because no such ruling is necessary for resolution of the motion.

respect to the following categories:

Category No. 21: Any and all documents concerning the number of patients treated by Perinatal Medical Group in Community Regional Medical Center's neonatal intensive care unit from December 1, 2008 to the present date.

Category No. 25: Any and all documents relating to the patient count in Community Regional Medical Center's neonatal intensive care unit from December 1, 2008 to the present date.

Category No. 26: All documents that reflect the total revenue from Community Regional Medical Center's neonatal intensive care unit each month between December 1, 2008 to the present date.

Category No. 27: All documents that reflect the total number of patients at Community Regional Medical Center's neonatal intensive care unit who required the highest level of neonatal care Community Regional Medical Center could provide from December 1, 2008 to the present.

(ECF No. 77 at 7-22.)

Community's objections and their opposition to this motion rest essentially on two grounds: relevancy and privacy.  Children's has responded to the latter objection by agreeing to make Community a party to an existing protective order between Plaintiffs and Defendants, to bring documents produced by Community within the protection of the protective order, and to limit disclosure of such documents to Defendants' attorneys and experts only.  Community claims that such protections are inadequate.

### III.     LEGAL STANDARD AND ANALYSIS

For the reasons set forth below, the Court finds that the four categories of

information requested in the subpoena and set out above are properly discoverable and that Community's legitimate privacy concerns are adequately protected by the terms of the protective order, as supplemented below.

### A. **Relevancy**

Federal Rule of Civil Procedure 26(b)(1) provides for discovery in civil actions, as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things in the identify and location of persons having knowledge of any discoverable matters. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Relevance in this context refers to information that might reasonably help a party prepare, evaluate, or settle a case. Thomas v. Hickman, 2007 U.S. Dist. LEXIS 95796 (E.D. Cal. 2007). Rule 26 permits the discovery of information which "may simply relate to the *credibility* of a witness or other evidence in the case." SCHWARZER, TASHIMA & WAGSTAFF, CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11.21 (1994 revised) (emphasis in original).

The purpose of discovery is to remove surprise from trial preparation so the parties can gather evidence and evaluate and resolve the dispute. Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D. Cal. 2005). Toward this end, Rule 26(b) is liberally interpreted to permit broad discovery of all information reasonably calculated to lead to discovery of admissible evidence, even if the information itself is not admissible at trial. Oakes v.

Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).  "A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action.  Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action."  Jones vs. Commander, Kansas Army Ammunitions Plant, 147 F.R.D. 248, 250 (D. Kan. 1993).

It can not be said that the documents requested here have no possible bearing upon the subject matter of this action.  Plaintiffs claim that Children's has violated antitrust law by limiting Plaintiffs' performance of services at Children's. (First Am. Compl. (ECF No. 24) ¶¶ 48, 67.)  Such claims necessarily raise the issue of whether Plaintiffs have been foreclosed from a substantial portion of the relevant market.  See Jefferson Parish Hosp. Dist. No. 2 v. Hyde, 466 U.S. 2, 45 (1984) ("Exclusive dealing is an unreasonable restraint on trade only when a significant fraction of buyers or sellers are frozen out of a market by the exclusive deal.").  The number and type of services provided by Plaintiffs along with the number of patients treated by Plaintiffs at Community's neonatal intensive care unit could shed light on the extent to which Defendants' actions resulted in foreclosure of the market.  The Court finds that such information could assist the parties in evaluating, preparing for trial, and/or attempting to settle the case.  Community's opposition papers do not cite any authority providing a reasonable basis for a different conclusion.

Therefore, it is the Court's finding that the information sought in categories 21, 25, 26 and 27 of the subpoena is relevant.

**B.   Privacy**

Community also claims that the requested documents are protected from disclosure

by Community's right to privacy. Both parties recognize, as does the Court, that Community has a legitimate interest in protecting the privacy of the confidential, financial, and proprietary information being sought here, and that those interests must be balanced against Children's need and right to discover relevant evidence.

This district has addressed the need to balance the right to privacy with the parties' rights to discovery:

> While this court is of the view that such a balancing is appropriate, this court is also mindful of the fact that, by its very nature, litigation has a tendency to make public the sort of information that individuals otherwise would prefer to keep private. Public disclosure, in the end, is not only natural and generally unavoidable but also necessary and healthy to a process so dependant on accuracy and truth. Nonetheless, the initiation of a law suit, does not, by itself, grant plaintiffs the right to rummage unnecessarily and unchecked through the private affairs of anyone they choose. A balance must be struck.

Cook vs. Yellow Freight System, Inc., 132 F.R.D. 548, 551 (E.D. Cal. 1990). In striking that balance, the "scope of disclosure will be narrowly circumscribed; such an invasion of the right to privacy must be drawn with narrow specificity and is permitted only to the extent necessary for a fair resolution of the lawsuit." Id. at 552. Logic and case law dictate that the balancing be done with particular sensitivity here because Community is not a party to the litigation in which the information is sought and, further, Community directly competes with Children's in the area that is the subject of this subpoena. See U.S. v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995) (recognizing the need to guard more carefully the privacy interests of individuals that are not parties to the litigation); Burka v. New York City Transit Auth., 110 F.R.D. 660, 665 (S.D.N.Y. 1986) ("A litigant himself must reasonably anticipate that his personal matters will be disclosed, while a non-party having no stake in the

litigation retains a greater expectation of privacy.").

The Court is satisfied that the above-enumerated categories of information sought in the subpoena are sufficiently restricted so as not to overly invade Community's privacy rights. The Court also finds that Community's privacy interests are adequately protected by the proposal that the terms of the existing Stipulated Protective Order governing material marked "Confidential–Attorneys/Experts Only" be extended to include Community and information produced by Community in response to these categories. (ECF No. 35.) The disclosed information will not be made available to or otherwise shared with anyone other than as provided in the Stipulated Protective Order.[2]

## IV.   CONCLUSION AND ORDER

For the reasons set forth above, the Court ORDERS that Children's Hospital of Central California's Motion to Compel be and hereby is GRANTED. Community Regional Medical Center shall produce the documents requested in categories 21, 25, 26 and 27 of the November 3, 2010 subpoena within ten days of Children's execution of a written agreement extending the "Confidential–Attorneys/Experts Only" terms of the Stipulated Protective Order to Community and to the documents produced pursuant to this Order. IT IS SO ORDERED.

Dated:   May 11, 2011                     /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE

---

[2] The Court and the parties to this motion had considered providing liquidated damages for a violation of the Stipulated Protective Order. However, the parties were unable to reach an agreement as to the appropriate amount of such damages. The Court does not have evidence before it at this time to enable it to determine reasonable damages. If necessary, in the event there is a breach, an appropriate measure of sanctions to compensate Community can be determined.